Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| QUERINES NAIHR SUAZO REYES  Recurrida  v.  NEIMARIS BIBIANA LÓPEZ VÁZQUEZ  Peticionaria | TA2026CE00015 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Carolina  Caso Núm.: CA2025MU01658  Sobre: Ley Núm. 284-1999, Ley Contra el Acecho en Puerto Rico |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de enero de 2026.

Comparece Neimaris Bibiana López Vázquez (en adelante, peticionaria) mediante un recurso de *certiorari* para solicitarnos la revisión de la *Orden de protección enmendada* emitida el 1 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Municipal de Carolina.[1] La misma fue reconsiderada y reducida a una nueva *Orden de protección enmendada* el 17 de diciembre de 2025, con la finalidad de ordenar a la institución educativa donde estudian ambas partes, para que se le garantizara recibir acomodo para continuar con sus estudios.[2]

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari.*

I

El caso de marras inició cuando el 8 de noviembre de 2025, la recurrida del título interpuso una *Petición de orden de protección*[3] al

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 8.
[2] SUMAC TPI, a la Entrada Núm. 15.
[3] *Íd.,* a la Entrada Núm. 1.

amparo de la Ley Núm. 284 de 21 de agosto de 1999, según enmendada, conocida como Ley Contra el Acecho en Puerto Rico.[4] Adujo, en síntesis, haber recibido mensajes amenazantes en los cuales la peticionaria le indicaba que vendría por ella y que corría peligro. De igual forma esbozó que había mensajes como si las partes tuviesen una relación sentimental. Alegó que recibía llamadas de diferentes números y que se le solicitó detuviera las llamadas, pero fue infructuoso. Acotó que la peticionaria tenía diagnósticos de salud mental y le preocupaba su seguridad.[5]

Subsiguientemente, en esa misma fecha, el foro de instancia emitió una *Orden de protección ex parte*,[6] la cual, en esa misma fecha fue enmendada mediante *Orden de protección ex parte enmendada*.[7] La vista final sobre orden de protección fue celebrada el 1 de diciembre de 2025, de forma presencial y ambas partes comparecieron.[8] Durante la vista, ambas partes tuvieron la oportunidad de testificar.[9] En síntesis, la recurrida declaró sobre varias de las alegaciones que surgían de las determinaciones de hecho vertidas en la *Orden de protección ex parte*.[10] Por otro lado, la peticionaria, en apretada síntesis, negó las alegaciones.[11]

Escuchada la prueba, el foro de instancia dispuso emitir una orden de protección intitulada *Orden de protección enmendada*.[12] La orden de protección fue emitida desde el 1 de diciembre de 2025 a las 9:15 am hasta el 1 de marzo de 2026, a las 9:00 am.[13]

Insatisfecha con lo dictaminado por la primera instancia judicial, el 3 de diciembre de 2025, la peticionaria interpuso una

---

[4] 33 LPRA sec. 4014, *et seq.*
[5] SUMAC TPI, a la Entrada Núm. 1.
[6] *Íd.,* a la Entrada Núm. 2.
[7] *Íd.,* a la Entrada Núm. 3.
[8] *Íd.,* a la Entrada Núm. 8.
[9] Grabación de la vista celebrada el 1 de diciembre de 2025.
[10] *Íd.*
[11] *Íd.*
[12] SUMAC TPI, a la Entrada Núm. 8.
[13] *Íd.*

solicitud de reconsideración.[14] En respuesta, mediante *Orden* emitida y notificada el 4 de diciembre de 2025, el foro *a quo* citó a las partes para una vista el 17 de diciembre de 2025.[15]

Durante la vista, el foro de instancia atendió la solicitud de reconsideración.[16] Ambas partes tuvieron la oportunidad de dirigirse al Tribunal. Primero, la peticionaria expresó al juzgador de los hechos las razones por las cuales solicitó la reconsideración. En esencia su inconformidad inicial fue debido a que presuntamente al expedirse la orden de protección en su contra, no le hicieron acomodos en la universidad y le dieron calificaciones de "F" y que no hicieron nada para trabajar la situación.[17] Después, argumentó que luego, le borraron esas calificaciones.[18] Segundo, el tribunal de instancia auscultó tanto con ambas partes la alternativa de modificar la orden de protección para que de ninguna forma tuviese el efecto de afectar a la peticionaria en los asuntos educativos, con lo que no hubo reparo. Previo a que el tribunal dispusiera de la solicitud de reconsideración, la peticionaria también solicitó que se dejara sin efecto la orden de protección, a lo que el juzgador de instancia le dio la oportunidad de expresar las razones, lo que hizo.[19]

Escuchadas a las partes, el foro recurrido denegó la solicitud de reconsideración en cuanto a dejar sin efecto la orden de protección, empero, en reconsideración emitió una *Orden de protección enmendada*.[20] El foro de instancia enmendó la orden de protección previamente emitida a los únicos fines de ordenar a la institución educativa donde estudiaba la peticionaria para que se le garantizara recibir acomodo para continuar con sus estudios.[21]

---

[14] SUMAC TPI, a la Entrada Núm. 10.
[15] *Íd.,* a la Entrada Núm. 11.
[16] Grabación de la vista celebrada el 17 de diciembre de 2025.
[17] *Íd.*
[18] *Íd.*
[19] *Íd.*
[20] SUMAC TPI, a la Entrada Núm. 15.
[21] *Íd.*

En desacuerdo aún, el 22 de diciembre de 2025, la peticionaria presentó un recurso de *certiorari* en el cual esbozó la comisión de seis (6) errores. Además, el 7 de enero de 2026, la peticionaria interpuso una *Moción informativa.*[22]

Mediante *Resolución* emitida el 12 de enero de 2026, le requerimos a la primera instancia judicial que nos remitiera el enlace de las vistas celebradas en el caso de marras y concedimos a la parte recurrida hasta el 20 de enero de 2026, para expresarse en torno al recurso.

El foro de instancia remitió el enlace de las vistas celebradas. Superado el término concedido a la parte recurrida para comparecer sin haberlo hecho, procederemos a disponer del recurso sin el beneficio de su comparecencia.

## II

### A. Expedición del Recurso de *Certiorari*

Sabido es que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[23] A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[24] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[25] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[26] Por otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal

---

[22] Mediante *Resolución* emitida el 20 de enero de 2026, este Tribunal quedó enterado de lo informado y refirió a la peticionaria a la *Resolución* emitida el 12 de enero de 2026.

[23] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).

[24] *Rivera Figueroa v. Joes's European Shop,* 183 DPR 580, 596 (2011).

[25] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).

[26] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.

deberá considerar los siguientes criterios para expedir un auto de *Certiorari:*

A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. [27]

El Tribunal Supremo de Puerto ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[28] Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[29]

De otra parte, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación

---

[27] Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

[28] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).

[29] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

en sus méritos. Meramente, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia.[30]

### III

En el caso del título, la peticionaria, tras haber quedado insatisfecha con el resultado del caso de marras, nos invita a ejercer nuestra facultad discrecional para expedir un auto de certiorari y concluir que el dictamen recurrido debe ser revocado y, en consecuencia, dejado sin efecto.

Luego de haber evaluado la totalidad de los autos ante nuestra consideración, incluyendo los autos ante el tribunal de primera instancia que surgen del Sistema Unificado de Manejo y Administración de Casos, haber escuchado con detenimiento las grabaciones de las vistas celebradas en este caso, así como el derecho aplicable, no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción, ni tampoco que la determinación sea manifiestamente errónea. Por tanto, en virtud de lo dispuesto en la Regla 40 del Reglamento de este Tribunal,[31] acordamos *denegar* la expedición del auto de *Certiorari.*

### IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari.*

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[30] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008).
[31] *In re Aprob. Enmdas. Reglamento TA*, supra, págs. 59-60.